IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2000 Session

## STATE OF TENNESSEE v. WILLIAM J. CLOUSE

**Filed July 11, 2001**

DAVID G. HAYES, J., concurring.


I join with Judge Ogle in concluding that the Appellant's double jeopardy rights were not violated. I would also make the observation that, similar in purpose to the DUI statute, the stated public policy purpose in enacting the Motor Vehicle Habitual Offender Act was to remove from the highways those offenders who have "demonstrated their indifference to the safety and welfare of others." Tenn. Code Ann. § 55-10-602(2).

Additionally, when the "no bail" policy position was instituted, the sentence of the habitual offender, similar to the minimum mandatory sentence of the DUI offender, could not be suspended. Tenn. Code Ann. § 55-10-616(c). For these and other reasons, the habitual motor offender and the DUI offender were both viewed by the legislature and our courts as an immediate and common threat to those traveling the public highways of this state. In State v. Pennington, 952 S.W.2d 420 (Tenn. 1997), our supreme court found, in part, that protection of the public by a brief period of pretrial detention of a suspected DUI offender was reasonably related to a legitimate government purpose, *i.e.*, protection of the public. While concededly, the no bail policy position was ill-founded, this does not compel, however, the conclusion that it was imposed solely to punish. In the absence of proof of an intent to punish, a court should look to an alternative reason which may serve a legitimate governmental purpose. Doe v. Norris, 751 S.W.2d 834, 839 (Tenn.1988). I find from the facts in this case that it may reasonably be inferred that the basis of the policy was both the immediate protection of the public and attendance of the habitual offender for trial.


_____
DAVID G. HAYES, JUDGE